King George SMEDLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00102–CR.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 1, 2002.

Decided Feb. 7, 2003.

Lew Dunn, Longview, for Appellant.

Andy Porter, Assistant District Attorney, William M. Jennings, Gregg County District Attorney, Andrea M. Thompson, Appellate Assistant District Atty., Longview, for Appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Justice WILLIAM J. CORNELIUS (Assigned).

King George Smedley pleaded guilty to possession of five pounds or more, but less than fifty pounds of marihuana, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon Supp. 2003). The trial court found Smedley guilty, assessed his punishment at ten years' imprisonment, but suspended the imposition of his sentence and placed him on ten years' community supervision.

The State later moved to revoke Smedley's community supervision, alleging he violated four of its terms and conditions.

Smedley pleaded true to three of the allegations and not true to one of the allegations. The trial court found each allegation true, revoked Smedley's community supervision, and sentenced him to ten years' imprisonment. On appeal, Smedley contends his ten-year sentence violates the prohibitions against cruel and unusual punishment found in both the United States and Texas Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.

Smedley's sentence is within the statutory range for a third-degree felony, i.e., not less than two nor more than ten years' imprisonment. *See* TEX. PEN.CODE ANN. § 12.34(a) (Vernon 1994). Texas courts have traditionally held that, as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App.1973). However, in *Jackson v. State,* 989 S.W.2d 842, 845 (Tex.App.-Texarkana 1999, no pet.), this Court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *See also Fluellen v. State,* 71 S.W.3d 870, 873 (Tex.App.-Texarkana 2002, pet. ref'd); *Latham v. State,* 20 S.W.3d 63, 68–69 (Tex.App.-Texarkana 2000, pet. ref'd).

■ Our proportionality analysis under both the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Texas Constitution is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

crime in other jurisdictions. *See Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Simmons v. State,* 944 S.W.2d 11, 15 (Tex.App.-Tyler 1996, pet. ref'd) (evaluating an appellant's Texas constitutional claim of cruel and unusual punishment under the test outlined in *Solem* ). Only if we conclude that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992); *see also Davis v. State,* 905 S.W.2d 655, 664–65 (Tex.App.-Texarkana 1995, pet. ref'd).

■ Smedley contends that, even though his sentence is within the statutory range of punishment for his offense, a ten-year sentence is grossly disproportionate to his offense. He urges this based on his assertion that the federal sentencing guidelines recommend a maximum sentence of sixteen months' confinement for a similar offense to his; he is sixty years of age and in poor health and may not be able to survive until the end of his sentence; and he has no prior criminal record. The record shows, however, that the trial court initially gave Smedley a lenient sentence of ten years' community supervision, with no confinement if he obeyed the terms of his community supervision. If Smedley had kept the terms of his supervision, he would have had no confinement. Smedley, however, broke his agreement with the trial court, violated the terms of his supervision, and recommitted his offense. Moreover, Smedley is not a youthful, inexperienced person who was not fully aware of the consequences of his behavior. He was fifty-eight years of age when he was convicted; he has a Master's Degree from the University of Michigan and is qualified as a teacher; and the trial court, in revoking his community supervision,

found that Smedley knew better but had not "learned his lesson."

Considering all these factors, the sentence Smedley received is not grossly disproportionate to the gravity of his offense. *See Latham v. State,* 20 S.W.3d at 68–69; *Jackson v. State,* 989 S.W.2d at 846.

■ Smedley did not present this issue to the trial court. He did not object in the trial court to the sentence when its imposition was originally suspended, nor did he object when the trial court imposed it after revoking Smedley's community supervision. Because Smedley failed to raise this issue in the trial court, he has not preserved it for review. TEX.R.APP. P. 33.1(a); *Jackson v. State,* 989 S.W.2d at 844. Even if Smedley's contention had been preserved, there is no evidence in the record comparing the sentences imposed on persons in Texas with sentences imposed against defendants in other jurisdictions who committed a similar offense. *See Fluellen v. State,* 71 S.W.3d at 873; *Latham v. State,* 20 S.W.3d at 69; *Davis v. State,* 905 S.W.2d at 664–65.

We affirm the judgment.