COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-362-CR

 

 

RONALD JERMONE DAVIS                                                               APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

In
one issue, Appellant Ronald Jermone Davis complains that his sentence of ten
years and one day is disproportionate for his conviction of aggravated assault
with a deadly weapon.  We affirm.

II. 
Factual and Procedural History








Davis
made an open plea of guilty, and the trial court ordered a pre‑sentence
investigation report (PSI).  The PSI was
delivered to the court on July 6, 2009. 
A supplemental PSI was prepared at the trial court=s
request to address Davis=s bond violations since the
completion of the original PSI.  Both
were sealed. Davis=s sentencing hearing was not
recorded.  On October 13, 2009, the trial
court sentenced Davis to confinement of ten years and one day.  This appeal followed.

III. 
Sentencing

Davis
argues that his sentence is excessive and disproportionate and that a lesser
sentence is appropriate.[2]  Specifically, he contends that his taking
responsibility for his crime by pleading guilty is a mitigating factor,
rendering his sentence excessive, Ashock[ing]
the sense of humankind[,] and constitut[ing] cruel and unusual punishment by
the United States and Texas Constitutions.@








In
conducting a proportionality analysis under the Eighth Amendment, we must first
make a threshold comparison of the gravity of the offense against the severity
of the sentence.[3]  Acosta v. State, 160 S.W.3d 204, 212
(Tex. App.CFort
Worth 2005, no pet.).  We are to judge
the gravity of the offense in light of the harm caused or threatened to the
victim or society and the culpability of the offender.  Id. 
Then, only if this initial comparison creates an inference that the
sentence is grossly disproportionate to the offense do we consider sentences
for similar crimes in the same jurisdiction and sentences for the same crime in
other jurisdictions.  Mullins v. State,
208 S.W.3d 469, 470 (Tex. App.CTexarkana
2006, no pet.).

Aggravated
assault with a deadly weapon is a second degree felony, punishable by a term of
Anot
more than 20 years or less than 2 years@ and
a fine of up to $10,000.  See Tex.
Penal Code Ann. '' 12.33, 22.02(b)
(Vernon Supp. 2009).  Generally,
punishment assessed within the statutory limits, as here, is not excessive,
cruel, or unusual punishment.  See
Dale v. State, 170 S.W.3d 797, 799 (Tex. App.CFort
Worth 2005, no pet.) (citing Jordan v. State, 495 S.W.2d 949, 952 (Tex.
Crim. App. 1973)); see also Atchison, 124 S.W.3d at 760 (AArticle
I, section 13 is not violated when . . . the punishment assessed is within the
limits prescribed by statute.@).








Davis=s
sentence falls in the middle of the range determined by the Legislature to
constitute appropriate punishment for this type of crime. Furthermore, having
reviewed the PSI, we cannot say that the trial court=s
assessment of punishment was disproportionate to Davis=s
offense.  Witnesses stated that, during a
fight involving Davis and others, Davis pointed a loaded handgun in the
complainant=s
face and pulled the trigger.  Police
discovered a live round, which appeared to be jammed, in the gun=s
chamber.  While Davis admitted
responsibility for the instant offense, he denied pointing the firearm at
anyone or pulling the trigger.  He also
stated that he did not remember the day=s
events clearly and that he had taken an ecstasy pill that morning, which
clouded his memory. 








Davis
became a gang member at age thirteen and started developing a significant
juvenile arrest history at age fourteen. 
He received community supervision for his first four offenses and was
placed into a twenty-four-hour secure treatment facility with on-site school
and rehabilitative counseling for six months after his fifth offense.  Davis completed community supervision for all
of his offenses, but it is noted in the PSI that Ait
would be a far stretch to say he was successful on probation.@  He has been expelled from various schools at
different times, starting in the fifth grade, because of behavioral problems.
Davis started smoking marijuana in ninth grade and continued to do so during
his juvenile community supervision.  At
the time the PSI was prepared, Davis was seventeen, and his adult record to
date contains a pending unlawful carrying a weapon charge and an unfiled theft
charge.  The PSI=s ASummary
and Assessment@
portion concludes with the following statement: 
A[Davis]
is on a life path that will likely lead to a lengthy prison sentence or
death.  Until he can recognize and change
his thinking errors, he will continue to be a danger to society.@

Nothing
in this record demonstrates or raises an inference that Davis=s
sentence is grossly disproportionate to this offense under the circumstances
presented here.  Accordingly, we overrule
Davis=s
sole issue.

IV. 
Conclusion

Having
overruled Davis=s sole issue, we affirm the
trial court=s
judgment.

 

PER
CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and MEIER, J.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 1, 2010











[1]See Tex. R. App. P.
47.4.





[2]The State contends
that Davis failed to preserve error. 
However, we note that Davis timely filed a motion for new trial on the
grounds presented here and that the trial judge noted on the motion that it had
been presented. See Tex. R. App. P. 21.4(a), 21.6.  He did not rule on it.  See Tex. R. App. P. 21.6.  Therefore, it was deemed denied, and error
was preserved.  See Tex. R. App.
P. 21.8(c), 33.1. 





[3]We note that when
both federal and state challenges to punishment have been preserved, Texas
courts of appeals address them jointly, treating federal and state
cruel-and-unusual-punishment provisions the same.  See Ajisebutu v. State, 236 S.W.3d
309, 311 n.2 (Tex. App.CHouston [1st Dist.]
2007, pet. ref=d).  Therefore, we assume, without deciding, that
if a proportionality analysis is appropriate under article I, section 13 of the
state constitution, it would follow the same analysis as that performed under
the Eighth Amendment.  See Smedley v.
State, 99 S.W.3d 317, 318B19 (Tex. App.CTexarkana 2003, no
pet.) (applying same proportionality analysis to claims under Eighth Amendment
and article I, section 13 without determining whether proportionality analysis
applies to Texas provision before concluding that issue was not preserved); see
also Atchison v. State, 124 S.W.3d 755, 760 (Tex. AppCAustin 2003, pet. ref=d) (AEven if we were to
perform a proportionality analysis [under article I, section 13] the correct
question would be whether the twenty-year sentence was warranted by the crime
for which appellant was convicted . . . [and w]e find nothing disproportionate
in a twenty-year sentence for shaking a four-month-old infant to death.@).