

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-362-CR**

RONALD JERMONE DAVIS                                              APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one issue, Appellant Ronald Jermone Davis complains that his sentence of ten years and one day is disproportionate for his conviction of aggravated assault with a deadly weapon. We affirm.

### II. Factual and Procedural History

---

[1] *See* Tex. R. App. P. 47.4.

Davis made an open plea of guilty, and the trial court ordered a pre-sentence investigation report (PSI).  The PSI was delivered to the court on July 6, 2009.  A supplemental PSI was prepared at the trial court's request to address Davis's bond violations since the completion of the original PSI.  Both were sealed. Davis's sentencing hearing was not recorded.  On October 13, 2009, the trial court sentenced Davis to confinement of ten years and one day.  This appeal followed.

### III.  Sentencing

Davis argues that his sentence is excessive and disproportionate and that a lesser sentence is appropriate.[2]  Specifically, he contends that his taking responsibility for his crime by pleading guilty is a mitigating factor, rendering his sentence excessive, "shock[ing] the sense of humankind[,] and constitut[ing] cruel and unusual punishment by the United States and Texas Constitutions."

In conducting a proportionality analysis under the Eighth Amendment, we must first make a threshold comparison of the gravity of the offense against the severity of the sentence.[3]  *Acosta v. State*, 160 S.W.3d 204, 212 (Tex. App.—Fort

---

[2] The State contends that Davis failed to preserve error.  However, we note that Davis timely filed a motion for new trial on the grounds presented here and that the trial judge noted on the motion that it had been presented. *See* Tex. R. App. P. 21.4(a), 21.6.  He did not rule on it.  *See* Tex. R. App. P. 21.6.  Therefore, it was deemed denied, and error was preserved.  *See* Tex. R. App. P. 21.8(c), 33.1.

[3] We note that when both federal and state challenges to punishment have been preserved, Texas courts of appeals address them jointly, treating federal and state cruel-and-unusual-punishment provisions the same. *See Ajisebutu v. State*, 236 S.W.3d 309, 311 n.2 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).  Therefore, we assume, without deciding, that if a proportionality analysis is

Worth 2005, no pet.). We are to judge the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Id.* Then, only if this initial comparison creates an inference that the sentence is grossly disproportionate to the offense do we consider sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.).

Aggravated assault with a deadly weapon is a second degree felony, punishable by a term of "not more than 20 years or less than 2 years" and a fine of up to $10,000. *See* Tex. Penal Code Ann. §§ 12.33, 22.02(b) (Vernon Supp. 2009). Generally, punishment assessed within the statutory limits, as here, is not excessive, cruel, or unusual punishment. *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) (citing *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)); *see also Atchison*, 124 S.W.3d at 760 ("Article I, section 13 is not violated when . . . the punishment assessed is within the limits prescribed by statute.").

_____

appropriate under article I, section 13 of the state constitution, it would follow the same analysis as that performed under the Eighth Amendment. *See Smedley v. State*, 99 S.W.3d 317, 318–19 (Tex. App.—Texarkana 2003, no pet.) (applying same proportionality analysis to claims under Eighth Amendment and article I, section 13 without determining whether proportionality analysis applies to Texas provision before concluding that issue was not preserved); *see also Atchison v. State*, 124 S.W.3d 755, 760 (Tex. App—Austin 2003, pet. ref'd) ("Even if we were to perform a proportionality analysis [under article I, section 13] the correct question would be whether the twenty-year sentence was warranted by the crime for which appellant was convicted . . . [and w]e find nothing disproportionate in a twenty-year sentence for shaking a four-month-old infant to death.").

Davis's sentence falls in the middle of the range determined by the Legislature to constitute appropriate punishment for this type of crime. Furthermore, having reviewed the PSI, we cannot say that the trial court's assessment of punishment was disproportionate to Davis's offense. Witnesses stated that, during a fight involving Davis and others, Davis pointed a loaded handgun in the complainant's face and pulled the trigger. Police discovered a live round, which appeared to be jammed, in the gun's chamber. While Davis admitted responsibility for the instant offense, he denied pointing the firearm at anyone or pulling the trigger. He also stated that he did not remember the day's events clearly and that he had taken an ecstasy pill that morning, which clouded his memory.

Davis became a gang member at age thirteen and started developing a significant juvenile arrest history at age fourteen. He received community supervision for his first four offenses and was placed into a twenty-four-hour secure treatment facility with on-site school and rehabilitative counseling for six months after his fifth offense. Davis completed community supervision for all of his offenses, but it is noted in the PSI that "it would be a far stretch to say he was successful on probation." He has been expelled from various schools at different times, starting in the fifth grade, because of behavioral problems. Davis started smoking marijuana in ninth grade and continued to do so during his juvenile community supervision. At the time the PSI was prepared, Davis was seventeen, and his adult record to date contains a pending unlawful carrying a weapon charge and an unfiled theft charge.

4

The PSI's "Summary and Assessment" portion concludes with the following statement: "[Davis] is on a life path that will likely lead to a lengthy prison sentence or death. Until he can recognize and change his thinking errors, he will continue to be a danger to society."

Nothing in this record demonstrates or raises an inference that Davis's sentence is grossly disproportionate to this offense under the circumstances presented here. Accordingly, we overrule Davis's sole issue.

## IV. Conclusion

Having overruled Davis's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 1, 2010