**Roger Lee CARLOCK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–03–00116–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 15, 2004.

Decided June 23, 2004.

---

David Colley, McCauley, Macdonald & Devin, P.C., Dallas, for Appellant.

Charles C. Bailey, Wells Pickney & McHugh, PC, Austin, for State.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Roger Lee Carlock appeals his sentence of ninety-nine years' imprisonment and a $5,000.00 fine.[1] In a single point of error, Carlock contends the evidence is factually insufficient to support the jury's finding he had been previously convicted of aggravated sexual assault and, therefore, the jury

---

1. We previously affirmed Carlock's conviction, but reversed for a new punishment trial. *Carlock v. State*, 99 S.W.3d 288, 295 (Tex. App.-Texarkana 2003, no pet.). The issue presented in the present appeal was raised by the evidence in Carlock's second punishment trial.

should not have been permitted to assess his punishment within the range provided for a first degree felony rather than under the range provided for a second degree felony. We overrule the issue presented and affirm the trial court's judgment.

*Standard of Review*

■ The Texas Court of Criminal Appeals recently refined the standard for reviewing factual sufficiency. In *Zuniga v. State,* —— S.W.3d ——, ——, No. 539–02, 2004 WL 840786, at *6, 2004 Tex.Crim. App. LEXIS 668, at *20 (Tex.Crim.App. Apr. 21, 2004), the court held that, when an appellant challenges the factual sufficiency of the evidence, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in reaching its verdict beyond a reasonable doubt. *Id.* There are two ways in which the evidence may be factually insufficient. First, the evidence supporting the verdict, if considered alone, may be too weak to support the jury's finding beyond a reasonable doubt. *Id.* Second, if—when weighing the evidence supporting and contravening the conviction—the reviewing court concludes the contrary evidence is strong enough that the state could not have met its burden of proof, then the evidence must be held to be insufficient. *Id.* "Stated another way, evidence supporting guilt can 'outweigh' the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard." *Id.* If the evidence is factually insufficient, the reviewing court must reverse the judgment and remand for a new trial. *Clewis v. State,* 922 S.W.2d 126, 135 (Tex.Crim.App.1996). While the *Zuniga* court framed its analysis within the context of reviewing the evidence to support a verdict on guilt/innocence, we hold the same analysis applies when evaluating the adequacy of the proof to support an enhanced punishment verdict. *Cf. Davis v. State,* No. 03–03–00148–

CR, 2004 WL 1171442, at *4, 2004 Tex. App. LEXIS 4723, at *10–11 (Tex.App.-Austin May 27, 2004, no pet. h.) (applying *Zuniga* standard when evaluating factual sufficiency of deadly weapon finding); *and Lopez v. State,* Nos. 12–03–00057–CR & 12–03–00058–CR, 2004 WL 1192626, at *4, 2004 Tex.App. LEXIS 4862, at *11–12 (Tex.App.-Tyler May 28, 2004, no pet. h.) (applying pre-*Zuniga* standard to evaluate factual sufficiency of evidence to enhance punishment range).

*Factual and Procedural Background*

In the case now before us, Carlock was convicted of indecency with a child, a second degree felony. *See* TEX. PEN.CODE ANN. § 21.11(a)(1), (d) (Vernon 2003). The punishment range for a second degree felony is between two and twenty years' imprisonment. TEX. PEN.CODE ANN. § 12.33(a) (Vernon 2003). However, "[i]f it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony." TEX. PEN.CODE ANN. § 12.42(b) (Vernon Supp.2004). A first degree felony carries a punishment range of between five and ninety-nine years' imprisonment, or incarceration for life. TEX. PEN.CODE ANN. § 12.32(a) (Vernon 2003). The State sought to enhance the punishment range for Carlock's offense to that of a first degree felony by virtue of a previous conviction June 16, 1986, for aggravated sexual assault (a first degree felony) in Titus County District Court cause number 10,-496. *See* TEX. PEN.CODE ANN. § 22.021(e) (Vernon Supp.2004). Carlock pled "not true" to having been previously convicted of aggravated sexual assault.

The State's first punishment witness was a Titus County deputy district clerk named Jacki Francis. Francis identified State's Exhibit 1 as a certified copy of the Titus County judgment of conviction of "R.

L. Carlock" in cause number 10,496. Francis testified State's Exhibit 1 pertained to a defendant named Roger Lee Carlock. On cross-examination, however, Francis admitted she lacked any personal knowledge whether the "R. L. Carlock" named in State's Exhibit 1 was the same "Roger Lee Carlock" then on trial.

Kathy Worth, an experienced parole officer, testified next. She told the jury she had supervised Carlock while he was on parole on two previous occasions. Worth stated Carlock was the same "R. L. Carlock" who had been convicted of aggravated sexual assault in Titus County cause number 10,496. She also told the jury she had supervised Carlock while he was on parole in connection with Camp County cause number 6123, a conviction for indecency with a child. Worth admitted on cross-examination, however, that she lacked any independent memory of the specific cause numbers of Carlock's convictions; instead, she had reviewed State's Exhibit 1 and determined that, because the date of conviction in that case occurred shortly before she began supervising Carlock's parole, she must have supervised Carlock for the Titus County conviction. She was nonetheless certain she had supervised Carlock's parole for an aggravated sexual assault conviction, as well as for a second conviction for indecency with a child.

Carolyn Jean Rogers, Carlock's former neighbor, testified on Carlock's behalf. Rogers admitted on cross-examination Carlock had admitted to her he had been to prison twice before. She also said she knew the offenses for which Carlock had been imprisoned were both sex-related offenses.

*Analysis*

Examining all the evidence in a neutral light, we believe the jury was rationally justified in concluding, beyond a reasonable doubt, that the "R. L. Carlock"

referenced in the State's first exhibit was the same person as the defendant. Worth testified she was certain she had supervised Carlock for his parole on an aggravated sexual assault conviction. Her supervision occurred a few years after the relevant date of conviction. Her testimony reveals she personally identified Carlock as the same parolee she had previously supervised. There is nothing in the record to suggest Worth had supervised a different "R. L. Carlock" for either aggravated sexual assault, or to contradict Worth's testimony that the defendant was the same Roger Lee Carlock she had previously supervised. Moreover, even Carlock's own witness testified Carlock had previously admitted having been imprisoned for sex-related offenses.

Given the testimony presented in this case, we cannot say the evidence supporting the verdict is too weak to support the jury's finding. We also cannot conclude that the contrary evidence outweighs the evidence supporting the jury's conclusion. As such, we find the evidence factually sufficient to support the jury's conclusion Carlock had been previously and finally convicted of aggravated sexual assault.

We affirm the trial court's judgment.