

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 4, 2006

The Honorable Vicki Pattillo
District Attorney
25th Judicial District
113 South River, Suite 205
Seguin, Texas 78155

Opinion No. GA-0488

Re: Whether a part-time deputy district clerk may be simultaneously employed by a private attorney (RQ-0485-GA)

Dear Ms. Pattillo:

You ask whether a conflict of interest exists when a part-time deputy district clerk also works part-time for a private attorney who files cases with the district clerk.[1] The individual is compensated in each position. *See* Request Letter, *supra* note 1, at 1.

A deputy district clerk is appointed by the district clerk and must take the oath prescribed for state officers. *See* TEX. GOV'T CODE ANN. § 51.309(a) (Vernon 2005). The district clerk must obtain a surety bond to cover a deputy clerk or clerks, and a deputy must be covered on the same conditions and in the same amount as the district clerk. *See id.* § 51.309(b). A deputy clerk "may perform in the name of the district clerk all official acts of the office of district clerk." *Id.* § 51.309(a). *See also* TEX. CODE CRIM. PROC. ANN. art. 2.22 (Vernon 2005) (duties imposed upon a district clerk may be lawfully performed by his deputy). The district clerk collects the filing fees required by law. *See* TEX. GOV'T CODE ANN. §§ 51.317(a), .318 (Vernon 2005 & Supp. 2006). His duties include maintaining records filed in the clerk's office, recording the acts and proceedings of the court, entering judgments under the judge's direction, and recording all executions issued and the returns on the executions. *See id.* § 51.303 (Vernon 2005). The clerk may also take the depositions of witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 39.03 (Vernon 2005); TEX. GOV'T CODE ANN. § 51.303(e)(1) (Vernon 2005). As a general rule, a deputy district clerk "is authorized to perform any official ministerial act that may be done by his principal." *Gray v. State*, 5 S.W.2d 518, 519 (Tex. Crim. App. 1928); *see also Carlock v. State*, 139 S.W.3d 90, 92–93 (Tex. App.—Texarkana 2004, no pet.) (deputy district clerk testified in court to identify certified copy of prior conviction).

You raise Texas Constitution article XVI, section 40, which prohibits any person from holding or exercising "more than one civil office of emolument." TEX. CONST. art. XVI, § 40; *see*

---

[1]Letter from Honorable Vicki Pattillo, District Attorney, 25th Judicial District, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (May 11, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

*also Pruitt v. Glen Rose Indep. Sch. Dist.*, 84 S.W.2d 1004, 1006 (Tex. 1935) (when the holder of one office of emolument accepts and qualifies for a second office of emolument, he automatically relinquishes the first office). For purposes of this constitutional provision, a "civil office" is a "public office." *See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.); Tex. Att'y Gen. Op. Nos. GA-0365 (2005) at 3 n.7, GA-0214 (2004) at 2. A public officer is a person upon whom a "sovereign function of the government" has been conferred "to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955), *disapproved on other grounds by Nat'l Sur. Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690, 693–94 (Tex. 1968).

A deputy district clerk is not a public officer. *See* Tex. Att'y Gen. Op. No. MW-415 (1981) at 1–2. A deputy is appointed by the district clerk and "may perform in the name of the district clerk all official acts of the office of district clerk." TEX. GOV'T CODE ANN. § 51.309(a) (Vernon 2005). A deputy district clerk does not exercise a sovereign function of government in his own right and is not a civil officer within article XVI, section 40. Moreover, an employee of a private attorney is neither a public officer nor a public employee. *See* Tex. Att'y Gen. Op. No. JC-0033 (1999) at 1. The individual in question does not hold a civil office of emolument either as deputy district clerk or as a private attorney's employee. Article XVI, section 40 therefore does not prohibit one person from holding both positions.

You also raise the common-law doctrine of incompatibility that prevents one person from holding two public offices with inconsistent or conflicting duties, from appointing himself to another public position, or from holding both an office and an employment subordinate to the office. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928) (self-appointment); *Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted) (two public offices with conflicting duties); *see generally* Tex. Att'y Gen. LA-114 (1975) (office and employment subordinate to the office). As we concluded in addressing article XVI, section 40, neither position held by this individual is a public office. Nor is there an issue of self-appointment. The common-law doctrine of incompatibility therefore does not bar a deputy district clerk from working for a private attorney.

However, this dual employment raises a possibility of conflicting interests that warrants further inquiry. In performing the duties of the district clerk's office, a deputy district clerk will necessarily be in contact with local attorneys and their employees who file documents with the clerk's office, and he could also be required to take a deposition in a local attorney's case. As the employee of a local law firm, the deputy district clerk may perform services of the clerk's office for his private law firm. Government Code section 82.064(a) provides that a district clerk "may not appear and plead as an attorney at law in any court of record in this state," but no statute places comparable limits on a deputy clerk. TEX. GOV'T CODE ANN. § 82.064(a) (Vernon 2005).[2] We thus consider whether the Texas Disciplinary Rules of Professional Conduct ("the Rules") have a bearing on the dual employment in this case.

---

[2]Whether Government Code section 82.064(a) should be amended to apply to deputy clerks is a matter for the legislature. *See Pub. Util. Comm'n v. Cofer*, 754 S.W.2d 121, 126 (Tex. 1988).

In addressing the Rules, we first assume that the deputy clerk is an attorney. While we find no Rule directly addressing an attorney's employment in a court clerk's office, we note that Rule 1.06, the general rule on conflict of interest, provides that "except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person" reasonably appears to be "limited by the lawyer's . . . responsibilities . . . to a third person." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9); *see id.* 1.06(c) (attorney may represent a client if he "reasonably believes representation of each client will not be materially affected" and clients consent to representation after full disclosure of possible conflict). In considering his responsibilities to the district clerk's office and his clients, an attorney should keep in mind the lawyer's obligation to maintain the highest standards of ethical conduct. *See id.* ("Preamble: A Lawyer's Responsibilities," paragraph 1).

If the deputy district clerk is not an attorney, another rule is relevant to this matter. Rule 5.03 provides as follows:

> With respect to a nonlawyer employed or retained by or associated with a lawyer:
>
> (a) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer[.]

*Id.* 5.03.

The professional ethics committee of the Texas State Bar, established by Government Code section 81.091, "shall, either on its own initiative or when requested to do so by a member of the state bar, express its opinion on the propriety of professional conduct other than on a question pending before a court of this state." TEX. GOV'T CODE ANN. §§ 81.091, .092(a) (Vernon 2005). This committee is the appropriate body to consider the attorney's responsibility under the Texas Disciplinary Rules of Professional Conduct in relation to his own service as a deputy district clerk or to an employee who serves in that position.

# S U M M A R Y

Article XVI, section 40 of the Texas Constitution, which prohibits one person from holding more than one civil office of emolument, does not bar an individual from serving as both a deputy district clerk and an employee of a private attorney who files cases with the district clerk. The common-law doctrine of incompatibility does not bar an individual from holding these two positions. The attorney's responsibility under the Texas Disciplinary Rules of Professional Conduct in relation to his own service or his employee's service as deputy district clerk is a question for the professional ethics committee of the Texas State Bar.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee