Michael Warren JARVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–09–00300–CR.

Court of Appeals of Texas, Beaumont.

Submitted May 3, 2010.

Decided May 26, 2010.

Christine Brown–Zeto, Orange, for appellant.

John D. Kimbrough, County Atty., Cory Andrew Kneeland, Asst. County Atty., Orange, for state.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Michael Warren Jarvis pleaded no contest to the offense of felony evading arrest or detention. The trial court sentenced appellant to twenty-four months of confinement in state jail and assessed a $10,000 fine. In one issue, appellant argues the trial court based the sentence on an erroneous drug test result, and the evidence is "insufficient to support the sentence."

The trial court imposed a sentence within the legislatively prescribed range. Finding no preserved error, we affirm the judgment.

### THE PROCESS

At sentencing, the trial court heard testimony from the defendant and his wife, and also had information provided by defendant's employer. Jarvis testified to marijuana and alcohol use. The court reviewed a pre-sentence investigation report.

After receiving the evidence, the trial court reset the sentencing and ordered Jarvis to submit to a series of drug and alcohol tests in the interim. The court informed Jarvis that in the event of a positive test result "you're probably going to go for the max because you have had far, far too many chances." Jarvis told the court he understood. He subsequently tested positive for marijuana. He now challenges the sentence he received.

### THE DRUG TEST

Jarvis maintains that the positive drug test result must be incorrect, because he passed the drug and alcohol tests the week prior and also passed the tests in the two subsequent weeks. According to Jarvis, "[T]here is just no question that there is insufficient evidence to find that the

scientific evidence used against [him] was in fact not faulty."

■■■■ At punishment, a party may offer evidence "as to any matter the court deems relevant to sentencing[.]" Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2009). "Relevant" as used in article 37.07 § 3(a)(1) means evidence helpful in determining the appropriate sentence for a particular defendant in a particular case. *Rogers v. State,* 991 S.W.2d 263, 265 (Tex.Crim.App.1999). Essentially, a trial court's decision to admit specific evidence at the punishment stage may be viewed as a function of policy. *See Sunbury v. State,* 88 S.W.3d 229, 233 (Tex. Crim.App.2002). The objectives of the Penal Code—deterrence, rehabilitation, and punishment—help guide the admissibility determination. *See Rogers,* 991 S.W.2d at 265–66; *see also* Tex. Pen.Code Ann. § 1.02(1) (Vernon 2003). In this case, the trial court chose to employ a drug-test regimen for two months to assist in determining the appropriate sentence. Jarvis did not object to that process and did not object specifically to the consideration of the results in the trial court. He offered no expert testimony suggesting the test result was incorrect. Although he told the court the result must be wrong, on this record the trial court was not required to ignore the result.

Appellate Review of Sentence Severity

■■■■ Jarvis argues the evidence was legally and factually insufficient to support the sentence. Punishment for a crime may be imposed only in accordance with law. *See Elliott v. State,* 858 S.W.2d 478, 488 (Tex.Crim.App.1993). Appellant's sentence falls within the permissible statutory range. *See* Tex. Pen.Code Ann. §§ 12.35(a),(b), 38.04(b)(1)(B) (Vernon

Supp. 2009).[1] Jarvis did not challenge the sentence in the trial court as being grossly disproportionate, nor does he raise that issue under the Eighth Amendment in this appeal. *See* Tex.R.App. P. 33.1; *see generally Barrow v. State,* 207 S.W.3d 377, 380–81 (Tex.Crim.App.2006) (noting potential Eighth Amendment gross-disproportionality challenge). The issue we consider is whether Jarvis can challenge the sufficiency of the evidence to support the length of the sentence imposed.

■■■■ When a punishment decision is based on "nothing at all," and a proper objection is made, a sentencing court violates the prohibition against the deprivation of liberty except by due course of law. *See Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App.1984); *see also* Tex.Code Crim. Proc. Ann. art. 1.04 (Vernon 2005); Tex. Const. art. I, § 19. In *Jackson,* the process followed was faulty, as the Court explained:

> [I]n all of the cases dealing with review in this area there was at least some evidence or facts available to the court and upon which the court could have relied in assessing punishment. We can find no case sanctioning, over timely objection, a particular punishment decision in which there was no evidence of the offense, no information about the defendant, no punishment evidence, no plea bargain; in short, nothing at all upon which the punishment decision could have been based. We decline to sanction *such procedure* and hold that under the limited facts of this case the trial judge abused his discretion when, over proper objection, he determined the appellant's punishment. Such determination was a violation of Art. 1.04, V.A.C.C.P., and Art. 1 Sec. 19 of the

1. Because section 38.04, as applied to Jarvis, has not materially changed since the date of the offense, we cite to the current version of the statute.

Texas Constitution constituting reversible error. *Id.* at 814. (emphasis added). Errors in the process by which the defendant is sentenced are subject to review on appeal. *See Hayes v. State,* 709 S.W.2d 780, 782 (Tex.App.-Houston [1st Dist.] 1986, no pet.); *see, e.g., Huizar v. State,* 12 S.W.3d 479, 484 (Tex.Crim.App.2000) (error in failure to correctly instruct jury during punishment phase); *see also Ex parte Chavez,* 213 S.W.3d 320, 326 (Tex.Crim.App.2006) ("None of this is to say that principles of due process do not apply at the punishment phase of a non-capital trial."); George E. Dix & Robert O. Dawson, 43A Texas Practice: Criminal Practice and Procedure § 43.12, at 445 (2d ed. 2001) ("A convicted and sentenced defendant is entitled on appeal, of course, to consideration of whether there were procedural errors in the process by which the defendant was convicted and the punishment assessed and imposed. But very little review is available of the judge or jury's decision as to the severity of the punishment."). Other than attacking the trial court's consideration of the drug test result, Jarvis does not raise any error in the punishment process.

■ This Court has declined to conduct a factual sufficiency review of the severity of a sentence. *See Kanouse v. State,* 958 S.W.2d 509, 510 (Tex.App.-Beaumont 1998, no pet.). *See also Bradfield v. State,* 42 S.W.3d 350, 351–52 (Tex.App.-Eastland 2001, pet. ref'd); *Flores v. State,* 936 S.W.2d 478, 479 (Tex.App.-Eastland 1996, pet. ref'd). With certain exceptions,[2] the sentencer does not determine the existence of discrete facts. *Sunbury,* 88 S.W.3d at 233 (citing *Murphy,* 777 S.W.2d at 62–63). Generally, the assessment of punishment is a normative process, rather than one intrinsically factbound. *Id.* Specifically, a sentencer is not considered to be making an intrinsically factbound determination with respect to the appropriate length of the sentence. *See Barrow,* 207 S.W.3d at 381; *see generally Ex parte Chavez,* 213 S.W.3d at 323–25; *Nunez v. State,* 565 S.W.2d 536, 538 (Tex.Crim.App.1978).

The State argues that this Court cannot conduct a sufficiency of the evidence review of the length of a sentence, and argues that the proper standard of review of the sentence is for an abuse of discretion. The State relies on this Court's opinions in *Kanouse,* 958 S.W.2d 509, and *Gerhardt v. State,* 935 S.W.2d 192 (Tex.App.-Beaumont 1996, no pet.). In *Kanouse,* we declined to conduct a factual sufficiency review of the punishment evidence, but neither did this Court conduct an abuse of discretion review. *Kanouse,* 958 S.W.2d at 510. Instead, we followed "[t]he general rule ... that as long as a sentence is within the statutory range, it will not be disturbed on appeal." *Id.* In *Gerhardt,* the appellant recognized the no-review general rule, but argued that the trial court "abused its discretion" by failing to consider mitigating circumstances. *Gerhardt,* 935 S.W.2d at 195. This Court noted that the sentence in that case fell within the statutory range, and we found no abuse of discretion. *Id.* at 196. *Gerhardt* is properly viewed as following the no-review general rule, for which the case was cited in *Ka-*

---

**2.** *See Murphy v. State,* 777 S.W.2d 44, 62–63 & n. 10 (Tex.Crim.App.1989) (plurality op. on reh'g); *see also Wardrip v. State,* 56 S.W.3d 588, 590–91 (Tex.Crim.App.2001) (per curiam); *Ward v. State,* 143 S.W.3d 271, 274 (Tex.App.-Waco 2004, pet. ref'd); *Carlock v. State,* 139 S.W.3d 90, 92–93 (Tex.App.-Texarkana 2004, no pet.). *Compare Naasz v. State,* 974 S.W.2d 418, 423 (Tex.App.-Dallas 1998, pet. ref'd) ("We see no impediment to factual sufficiency review ... merely because sudden passion is now an issue in mitigation of punishment.").

*nouse,* rather than as adopting an abuse of discretion standard for appellate review of the length of a sentence.

Although the Court of Criminal Appeals has stated that "[t]he decision of what particular punishment to assess within the statutorily prescribed range for a given offense is a normative, discretionary function[,]" the Court further explained the sentencer's discretion is "essentially 'unfettered.'" *See Barrow,* 207 S.W.3d at 379–81; *Ex parte Chavez,* 213 S.W.3d at 323. "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez,* 213 S.W.3d at 323–24 (footnote omitted); *see also Barrow,* 207 S.W.3d at 381. We conclude that the severity of a sentence is reviewable on appeal only under a gross-disproportionality standard when the sentence is within the legislatively prescribed range, is based upon the sentencer's informed normative judgment, and is in accordance with due process of law. *See Ex parte Chavez,* 213 S.W.3d at 323–24; *see also Lockyer v. Andrade,* 538 U.S. 63, 72–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).[3]

The trial court did not violate due process of law. *Compare Jackson,* 680 S.W.2d at 814. The sentence in this case was based upon the trial judge's informed normative judgment. Punishment was assessed after the trial court considered evidence presented at the sentencing hearings and a pre-sentence investigation report. The length of the sentence is within the legislatively prescribed range, and is not subject to a sufficiency of the evidence review on appeal. *See Barrow,* 207 S.W.3d at 381; *Garcia v. State,* 166 Tex.Crim. 482, 316 S.W.2d 734, 735 (1958) ("[I]f the punishment is within that prescribed by the statute it is beyond the province of this Court to pass on the question as to whether the evidence is sufficient to support a punishment greater than the minimum."). Jarvis did not present a timely objection at trial to the length of the sentence as being grossly disproportionate. He waived that Eighth Amendment challenge. *See* Tex.R.App. P. 33.1; *Smedley v. State,* 99 S.W.3d 317, 319 (Tex.App.-Texarkana 2003, no pet.). The issue raised on appeal is overruled.

The trial court's judgment is affirmed.

AFFIRMED.

---

3. *See Fluellen v. State,* 71 S.W.3d 870, 873 (Tex.App.-Texarkana 2002, pet. ref'd) ("A court's proportionality analysis under the Eighth Amendment should be guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions."); *see also, generally, Lindley v. State,* 24 S.W.3d 435, 437–38 (Tex.App.-Texarkana 2000, no pet.) (urging the Legislature "to consider the possibility of enacting sentencing guidelines that would create more consistency in sentencing in Texas.").