In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00255-CR**
_____

**JOSEPH LANG COOPER A/K/A JOSEPH COOPER
A/K/A JOSEPH L. COOPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-12395**

**MEMORANDUM OPINION**

Under a plea agreement, Joseph Lang Cooper pleaded guilty to failure to comply with sex offender registration requirements. The trial court found Cooper guilty, assessed his punishment at ten years in prison, suspended imposition of his sentence, placed Cooper on community supervision for ten years, and assessed a $500 fine.

The State filed a motion to revoke. After finding five of the alleged violations to be true, the trial court revoked Cooper's community supervision, and sentenced him to ten years in prison.

1

In issues one and two, Cooper argues that the trial court's sentence was disproportionate and unreasonable, thereby violating his rights under the Eighth Amendment to the U.S. Constitution and Article I, section 13 of the Texas Constitution. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13. Cooper does not argue that the relevant state constitutional provisions are broader and offer greater protection than the Eighth Amendment. *See Baldridge v. State*, 77 S.W.3d 890, 894 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *Puga v. State*, 916 S.W.2d 547, 550 (Tex. App.—San Antonio 1996, no pet.). We address Cooper's issues together.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006) (footnote omitted); *see also Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.). The sentence was within the statutory range. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (West 2006); Tex. Penal Code Ann. § 12.34 (West 2011). The sentence is not subject to a sufficiency of the evidence review on appeal. *See Jarvis*, 315 S.W.3d at 161-62.

A complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, must be preserved for appellate review by a timely request, objection, or motion stating the specific grounds for the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *see* Tex. R. App. P. 33.1(a). Cooper did not raise this complaint below. The issue is not preserved for appellate review.

Issues one and two are overruled. The judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on October 8, 2012
Opinion Delivered November 7, 2012
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.

3