NO. 07-11-0488-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 5, 2012

_____

MARK CHASE RHODES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 3517; HONORABLE DAN MIKE BIRD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Mark Chase Rhodes was adjudicated guilty of the offense of injury to an elderly individual and sentenced to ten years confinement in the Department of Criminal Justice and a $2000 fine. On appeal, he contends the trial court abused its discretion by sentencing him to the maximum term of confinement allowed by statute. Instead, he sugggests that his probation should have continued. We affirm the judgment.

After appellant pled guilty in 2007 to assaulting his former father-in-law, adjudication was deferred, and he was placed on probation for five years. In 2011, the

State filed a motion to adjudicate his guilt alleging that he had violated the conditions of his probation by 1) failing to report to his probation officer beginning in March 2010, 2) failing to pay his monthly community supervision fee for five months in 2010, 3) failing to pay court costs, a fine, and attorney's fees beginning in May 2010, 4) failing to complete 100 hours of community service by September 1, 2007, 5) failing to complete 100 hours of community service by March 1, 2008, 6) failing to complete 100 hours of community service by September 1, 2008, 7) failing to complete 100 hours of community service by March 1, 2009, and 8) failing to pay $100 to the Crime Victims' Compensation Fund. Appellant pled true to all of the allegations.

After a hearing, the court assessed appellant's confinement at ten years, which appellant now challenges by claiming the record lacks "some evidence" to support the sentence. We overrule the issue.

The sentence to be imposed by the trial court after an adjudication of guilt is left to the unfettered discretion of the trial judge. *Smith v. State,* 286 S.W.3d 333, 344 (Tex. Crim. App. 2009). Moreover, the punishment imposed is not for the violation of the conditions of community supervision but for the crime that he committed and for which he was found guilty; here, that crime was a felony of the third degree. *See Atchison v. State,* 124 S.W.3d 755, 759-60 (Tex. App.–Austin 2003, pet. ref'd) (stating that while the violations warranting the adjudication of guilt may be considered as minor, punishment is based upon the crime for which the appellant is adjudicated guilty, not upon the violations of his community supervision).

The range of imprisonment applicable to a felony of the third degree is two to ten years. TEX. PENAL CODE ANN. § 12.34(a) (West 2011). The ten years levied here fell

within that range. Furthermore, the evidence indicates that appellant assaulted his former father-in-law in the presence of appellant's ex-wife at a time when he was under a court order not to be within one hundred feet of her. Missing, however, is evidence showing disproportionality between this sentence and sentences levied in other yet similar cases.

As long as the punishment assessed is within the statutory range as it apparently is here, it is not generally challengeable for excessiveness. *Jarvis v. State,* 315 S.W.3d 158, 161-62 (Tex. App.–Beaumont 2010, no pet.); *Kim v. State,* 283 S.W.3d 473, 475-76 (Tex. App.–Fort Worth 2009, pet. ref'd). We see no reason to deviate from that truism here.

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.