COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NATHANIEL WILLIAMS, | § | No. 08-11-00310-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 362nd District Court |
| THE STATE OF TEXAS, | § | of Denton County, Texas |
| Appellee. | § | (TC#F-2011-0124-D) |
| | § | |

**O P I N I O N**

Appellant Nathaniel Williams was indicted for aggravated robbery and aggravated kidnapping. *See* TEX. PENAL CODE ANN. §§ 29.03, 20.04 (West 2011). He pleaded guilty to the two felony offenses and elected to have the jury assess his punishment. After hearing the evidence, the jury assessed punishment at thirty-five years' confinement for each offense, with the sentences to run concurrently and imposed a $900 fine. Appellant timely filed a notice of appeal. In a single issue, Appellant contends that the evidence is legally insufficient to support his sentences. We affirm.

**DISCUSSION**

**Legal Sufficiency of Sentence**

In his sole issue on appeal, Appellant contends the evidence is legally insufficient to support his thirty-five-year sentences. The State responds that the sufficiency of Appellant's

sentence is not reviewable on appeal.

*Standard of Review & Applicable Law*

Traditionally, in assessing the legal sufficiency of the evidence to support a criminal conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). However, the determination of the elements of an offense differs from the assessment of the amount of punishment. *Bradfield v. State*, 42 S.W.3d 350, 352 (Tex. App. – Eastland 2001, pet. ref'd); *see also Smith v. State*, Nos. 14-06-00829-CR, 14-06-00830-CR, 14-06-00831-CR, 14-06-00832-CR, 2007 WL 4165386 at *2 (Tex. App. – Houston [14th Dist.] Nov. 20, 2007, no pet.) (mem. op., not designated for publication). There is no "sufficient evidence" requirement to support sentencing. *Smith*, 2007 WL 4165386, at *2.

"Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex.Crim.App. 2006) (footnote omitted); *see also Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App. – Beaumont 2010, no pet.). The severity of a sentence may only be reviewed through a proportionality challenge under the Eighth Amendment. *Jarvis*, 315 S.W.3d at 162. If the sentence falls within the prescribed statutory range, it is not subject to a sufficiency of the evidence review on appeal. *Id*.

Because the record reflects that Appellant failed to make a proportionality challenge under

the Eighth Amendment, Appellant has waived that challenge. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App. – Fort Worth 2009, pet. ref'd) (cruel and unusual punishment objection must be preserved for appellate review by a timely request, objection, or motion). As Appellant's sentence falls within the range authorized by statute, and his sentence is not subject to a sufficiency review on appeal, Issue One is overruled. *See* TEX. PENAL CODE ANN. §§ 12.32, 29.03, 20.04 (West 2011); *Jarvis*, 315 S.W.3d at 162.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

December 21, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

3