COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS


 
 
  
 NATHANIEL WILLIAMS,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00310-CR
  
 Appeal from the
  
 362nd
 District Court
  
 of Denton
 County, Texas
  
 (TC#F-2011-0124-D)
  
 
 


                                                                  O
P I N I O N

Appellant Nathaniel Williams was indicted
for aggravated robbery and aggravated kidnapping.  See Tex. Penal Code Ann. §§ 29.03, 20.04 (West 2011).  He pleaded guilty to the two felony
offenses and elected to have the jury assess his punishment.  After hearing the evidence, the jury assessed
punishment at thirty-five years’ confinement for each offense, with the
sentences to run concurrently and imposed a $900 fine.  Appellant timely filed a notice of
appeal.  In a single issue, Appellant contends
that the evidence is legally insufficient to support his sentences.  We affirm.

DISCUSSION

Legal Sufficiency of Sentence

In his sole issue on appeal, Appellant
contends the evidence is legally insufficient to support his thirty-five-year
sentences.  The State responds that the
sufficiency of Appellant’s sentence is not reviewable on appeal.

Standard of Review & Applicable Law

Traditionally, in assessing the legal sufficiency of the evidence
to support a criminal conviction, we review all the evidence in the light most
favorable to the verdict to determine whether any rational jury could have
found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318-19,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App.
2010); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  However, the determination of the elements of
an offense differs from the assessment of the amount of punishment.  Bradfield
v. State, 42 S.W.3d 350, 352 (Tex. App. – Eastland 2001, pet. ref’d); see also Smith v. State, Nos.
14-06-00829-CR, 14-06-00830-CR, 14-06-00831-CR, 14-06-00832-CR, 2007 WL 4165386
at *2 (Tex. App. – Houston [14th Dist.] Nov. 20, 2007, no pet.) (mem. op., not
designated for publication).  There is no
“sufficient evidence” requirement to support sentencing.  Smith, 2007 WL 4165386, at *2.

“Subject
only to a very limited, ‘exceedingly rare,’ and somewhat amorphous Eighth
Amendment gross-disproportionality review, a punishment that falls within the
legislatively prescribed range, and that is based upon the sentencer’s informed
normative judgment, is unassailable on appeal.” Ex parte Chavez, 213 S.W.3d 320, 323-24 (Tex.Crim.App. 2006) (footnote
omitted); see also Jarvis v. State,
315 S.W.3d 158, 162 (Tex. App. – Beaumont 2010, no pet.).  The severity of a sentence may only be
reviewed through a proportionality challenge under the Eighth Amendment.  Jarvis,
315 S.W.3d at 162.  If the sentence falls
within the prescribed statutory range, it is not subject to a sufficiency of
the evidence review on appeal.  Id.

Because
the record reflects that Appellant failed to make a proportionality challenge
under the Eighth Amendment, Appellant has waived that challenge.  See Tex. R. App. P. 33.1(a)(1)(A); Kim v. State, 283 S.W.3d 473, 475 (Tex.
App. – Fort Worth 2009, pet. ref’d) (cruel and unusual punishment objection
must be preserved for appellate review by a timely request, objection, or
motion).  As Appellant’s sentence falls
within the range authorized by statute, and his sentence is not subject to a
sufficiency review on appeal, Issue One is overruled. See Tex. Penal Code Ann.
§§ 12.32, 29.03, 20.04 (West 2011); Jarvis,
315 S.W.3d at 162.

CONCLUSION

The trial court’s judgment is
affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

December 21, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)