

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ERIC LEE HARRINGTON, | § | No. 08-13-00227-CR |
| Appellant, | § | Appeal from the |
| v. | § | 372nd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1288724D) |
| | § | |

## **O P I N I O N**

Eric Lee Harrington appeals the trial court's judgment convicting him of aggravated robbery with a deadly weapon and sentencing him to 25 years' imprisonment.[1] In two issues, Harrington challenges the propriety and severity of his sentence, asserting it is unjust and grossly disproportionate to his crime.[2] We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

This case is one of six stemming from two separate incidents involving armed robberies. In one of the incidents, Harrington brandished a weapon but did not fire it. In the other incident—the one out of which this particular case arose—Harrington fired a weapon at two

---

[1] Harrington is also appealing the trial court's judgments in five companion cases. Those cases have been assigned appellate cause nos. 08-13-00224-CR, 08-13-00225-CR, 08-13-00226-CR, 08-13-00228-CR, and 08-13-00229-CR.

[2] Harrington raises these same issues in the five companion cases identified in footnote number one.

bystanders, striking one three times. After being indicted for aggravated robbery with a deadly weapon, Harrington pled guilty without the benefit of a plea bargain. The trial court accepted Harrington's guilty plea and admonished him that the full range of punishment would be considered. In conjunction with Harrington's request for community supervision, the trial court ordered a pre-sentence investigation report and reset the case for a sentencing hearing. At the conclusion of that hearing, the trial court sentenced Harrington to twenty-five years' imprisonment.

## PRESERVATION OF COMPLAINTS

In his first issue, Harrington claims his sentence, though within the range prescribed by statute, is unjust and therefore improper. *See* TEX.PENAL CODE ANN. §§ 29.02(a), 29.03(a)(2)(West 2011)(aggravated robbery is a first degree felony), TEX.PENAL CODE ANN. § 12.32 (West 2011)(punishment range for first degree felony is 5 to 99 years or life in prison). In his second issue, Harrington contends his sentence constitutes cruel and unusual punishment under both the United States and Texas Constitutions because it is grossly disproportionate to his crime. The State counters that Harrington failed to preserve both of his complaints for appellate review because he did not raise them in the trial court. We agree.

To preserve error relating to the propriety and severity of punishment, including that the sentence imposed constitutes cruel and unusual punishment, a defendant must object to his sentence in the trial court. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986)("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996)(concluding appellant failed to preserve

2

challenge to sentence under state constitution's protection against cruel and unusual punishment because he did not object in trial court); *Curry v. State*, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995)(concluding appellant failed to preserve challenge to sentence under federal constitution's protection against cruel and unusual punishment because he did not object in trial court); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd)("[N]othing is preserved for review because appellant failed to raise the severity of his sentence when punishment was assessed or in a new trial motion.").

Here, Harrington did not object to the propriety or severity of his twenty-five-year sentence at punishment. When asked by the trial court if there was any legal reason why sentence could not be imposed then and there, Harrington's trial counsel responded, "No." Nor does the record indicate Harrington raised the issue in a post-judgment motion. By failing to object to the propriety and severity of his sentence in the trial court, Harrington has forfeited appellate review of his complaints.

Harrington does not address the issue of waiver on appeal. However, in his original briefing, Harrington depicts his first issue—presumably in the hopes of obtaining appellate review—as a challenge to the "sufficiency of the evidence for a particular sentence." But the severity of a sentence imposed within the statutory range "is not subject to a sufficiency of the evidence review on appeal."[3] *Jarvis v. State*, 315 S.W.3d 158, 162 (Tex.App.--Beaumont 2010, no pet.)[Internal citations omitted]. As noted previously, Harrington's twenty-five-year sentence is within the punishment range for a first degree felony.

---

[3] Unlike most trial errors, which are forfeited if not asserted in the trial court, a complaint concerning the imposition of an illegal sentence, *i.e.*, one outside the applicable range of punishment, may be considered for the first time on appeal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003). Harrington raises no such complaint on appeal.

Harrington's first and second issues are overruled.[4]

**CONCLUSION**

The trial court's judgment is affirmed.


July 31, 2014
                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

---

[4] Given our conclusion that Harrington forfeited appellate review of his complaints, we decline his invitation "to review Texas law and consider whether it is time for Appellate Courts to review the appropriateness of punishment sentences." (Appellant's brief, p. 6)