In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00504-CR
_____

JORDAN EAGLIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 12-15298

## MEMORANDUM OPINION

Pursuant to a plea agreement, Jordan Eaglin pleaded guilty to the offense of aggravated robbery. The trial court found the evidence sufficient to find Eaglin guilty, but deferred further proceedings, placed Eaglin on community supervision for ten years, and assessed a $1000.00 fine.

The State filed a motion to revoke. Eaglin pleaded "true" to one of the alleged violations of his community supervision. The trial court revoked Eaglin's community supervision and sentenced him to thirty-five years in prison.

1

In issues one and two, Eaglin argues that the trial court's sentence was disproportionate and unreasonable, thereby violating his rights under the Eighth Amendment to the U.S. Constitution and under article I, section 13 of the Texas Constitution. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13. His constitutional challenges to the sentence were preserved below. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *see* Tex. R. App. P. 33.1(a). We address Eaglin's issues together.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Cont. amend. VIII. Even when a sentence is within the range permitted by law, a sentence may in rare instances be disproportionate to the gravity of the offense. *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Id.* (footnote omitted); *see Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.).

In *Graham v. Florida*, the United States Supreme Court referenced *Harmelin v. Michigan* and the test *Harmelin* cited for determining whether a sentence is grossly disproportionate to a defendant's crime. *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (opinion of Kennedy, J., concurring in part and concurring in judgment)); *see also Ewing v. California*, 538 U.S. 11, 23-30 (2003) (employing Justice Kennedy's concurrence in *Harmelin* as guide for application of proportionality principles). The proportionality principle does not require strict proportionality between crime and sentence, but forbids extreme sentences that are grossly disproportionate to the crime. *Graham*, 560 U.S. at 59-60; *Harmelin*, 501 U.S. at 997, 1000-01 (Kennedy, J., concurring). The first step is to compare the gravity of the offense with the severity of the sentence. *Graham*, 560 U.S. at 60. If there is gross disproportionality, then the court should "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.*

Eaglin committed aggravated robbery with a firearm. The thirty-five year sentence was within the statutory range of punishment for the offense of first-degree aggravated robbery. *See* Tex. Penal Code Ann. §§ 12.32, 29.03 (West 2011). Generally, we will not disturb a sentence that is within the statutory range

3

of punishment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

In addition, a punishment that is within the statutory range for the offense is generally not excessive or unconstitutionally cruel or unusual under the Texas Constitution or the United States Constitution. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). The trial court could have sentenced Eaglin to a sentence of up to life in prison, but instead it sentenced him to thirty-five years. Furthermore, there is a lack of any evidence "reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison" in evaluating Eaglin's disproportionate sentence claim.[1] *See Jackson*, 989 S.W.2d at 846; *see also Graham*, 560 U.S. at 59-60. The sentences do not violate the Eighth Amendment of the United States Constitution or article I, section 13 of the Texas Constitution. Issues one and two are overruled.

The judgment is affirmed.

AFFIRMED.

---

[1]Eaglin suggests that if more information is needed, this Court should abate the appeal for a hearing to allow him to gather information regarding sentences imposed for similar offenses on criminals in Texas or other jurisdictions. Eaglin cites no applicable authority to support the basis for this request and we decline the request. *See* Tex. R. App. P. 38.1(i).

4

_____
LEANNE JOHNSON
Justice

Submitted on July 7, 2014
Opinion Delivered September 3, 2014
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.