## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-14-00051-CV


IN THE MATTER OF M.E.

----------

FROM THE COUNTY COURT AT LAW OF COOKE COUNTY
TRIAL COURT NO. JV661-13

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant M.E., a juvenile, waived his right to a trial on adjudication and pleaded true to the State's allegation that he committed aggravated assault, a second-degree felony. At the conclusion of the disposition hearing, a jury sentenced M.E. to a determinate sentence of fifteen years. In four issues, M.E. argues that the evidence is legally and factually insufficient to support his sentence, that the sentence violates the Eighth Amendment's prohibition against

---

[1]*See* Tex. R. App. P. 47.4.

cruel and unusual punishment, that the trial court erred by allowing each side only six peremptory strikes during voir dire, and that the trial court abused its discretion by closing the disposition hearing without good cause. We will affirm.

## II. BACKGROUND

On the evening of October 27, 2013, M.E., two other juveniles, and twenty-year-old S.C. were driving around in a vehicle and drinking alcohol. At some point, M.E. and S.C. began arguing, M.E. exited the vehicle, S.C. attempted either to calm M.E. down or to get him back into the vehicle, and M.E. began beating S.C. The police eventually arrived on the scene and discovered, among other things, S.C. covered in blood and a broken whiskey bottle on the ground. Medical personnel transported S.C. to the hospital by a helicopter, where he was treated for his injuries.

## III. EVIDENTIARY SUFFICIENCY

In his first issue, M.E. challenges the legal and factual sufficiency of the evidence to support his fifteen-year sentence. Unlike appellants in numerous other juvenile appeals, M.E. does not challenge the sufficiency of the evidence to support the trial court's family code section 54.04(i) findings. *See* Tex. Fam. Code Ann. § 54.04(i) (West 2014) (listing three determinations that trial court must make to commit juvenile to the Texas Youth Commission—now the Texas Juvenile Justice Department (TJJD)); *see also In re A.O.*, 342 S.W.3d 236, 240 (Tex. App.—Amarillo 2011, pet. denied) (challenging sufficiency of evidence to support section 54.04(i) finding); *In re K.K.D.*, No. 03-03-00702-CV, 2004 WL

2

1792399, at *3 (Tex. App.—Austin Aug. 12, 2004, pet. denied) (same); *In re J.D.P.*, 85 S.W.3d 420, 426–27 (Tex. App.—Fort Worth 2002, no pet.) (op. on reh'g) (same); *In re C.C.*, 13 S.W.3d 854, 858–59 (Tex. App.—Austin 2000, no pet.) (same). Instead, M.E. challenges the sufficiency of the evidence only as it pertains to the length, or severity, of his sentence, which falls squarely within the legislatively prescribed range of two to twenty years. *See* Tex. Fam. Code Ann. § 54.04(d)(3)(B). We question whether such a sufficiency review is even possible.[2] Nonetheless, to the extent that we may conduct such a review, the evidence amply supports M.E.'s sentence.

We apply the civil standard of review to sufficiency of the evidence challenges regarding the disposition phase of juvenile proceedings. *In re J.D.P.*, 85 S.W.3d at 426. In determining whether there is legally sufficient evidence to support the finding under review, we consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*,

---

[2]Generally, the factfinder's sentencing decision is a normative, discretionary function that does not depend on the resolution of specific facts and, therefore, is not subject to a sufficiency challenge. *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008). A punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is generally unassailable on appeal. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *see Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.) ("The length of the sentence is within the legislatively prescribed range, and is not subject to a sufficiency of the evidence review on appeal."). We would summarily deny M.E.'s first issue if this caselaw applied to this juvenile appeal, but because neither side even remotely approaches the issue, we will not address it.

228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The evidence shows that M.E. severely beat S.C, causing him serious bodily injury. S.C. suffered vascular injuries to his face, he lost several teeth and a lot of blood, and his airway was compromised when authorities arrived at the scene. A sheriff's deputy who responded to the call testified that the skin on S.C.'s chin was "hanging out" and that S.C.'s face was covered in so much blood that the deputy could not determine where it was coming from. A paramedic testified that after S.C. was taken away, the amount of blood remaining on the ground looked like someone had poured out a "two-liter Coke." On a scale of one to ten, "one being the least hurt person, ten being the most severely hurt," the deputy rated S.C.'s injuries as an eight or nine, and the paramedic rated them a nine. S.C. returned to the hospital after he was discharged, and tests

4

showed that he had a low blood count and glass in his throat. S.C. testified that he has a scar on his face, missing teeth, difficulty sleeping, and glass impacted in his face and head.

Further, a Cooke County probation officer testified about M.E.'s criminal history—in February 2011, he was placed on probation for assault, burglary, and possession of a delayed-action incendiary device; in December 2012, he was placed on a new probation term for theft of a firearm, unlawfully carrying a weapon, and obstruction or retaliation; in June 2013, he tested positive for amphetamines, methamphetamines, and marijuana; in July 2013, he was arrested for driving without a license and DUI; and about two months before the incident in this case, he allegedly pulled a knife on another student.

M.E. argues that S.C. may have participated in the fight offensively, but S.C. is the one who sustained severe injuries, not M.E. M.E. also points out that a psychological report that was prepared before his trial recommended that he attend boot camp, but the probation officer disagreed with the recommendation because of M.E.'s "history of scary offenses, violent offenses" and because M.E. has more needs than can be addressed "on the community supervision side of things." According to the probation officer, it was in M.E.'s best interest to be committed to the TJJD–Institutional Division.

Accordingly, to the extent that we may conduct a sufficiency review of the severity of M.E.'s sentence, we hold that the evidence is legally and factually sufficient to support the sentence. We overrule his first issue.

## IV. WAIVED ISSUES

M.E. argues in his second issue that his fifteen-year sentence violates his Eighth Amendment right to be free from cruel and unusual punishment because it is grossly disproportionate to the offense charged.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

M.E. did not object that his sentence was disproportionate to the offense at the time that it was imposed, nor did he raise this complaint in a post-judgment motion. We have repeatedly held that this type of claim must be preserved at the trial court level. *See Doyle v. State*, No. 02-12-00626-CR, 2014 WL 3028885, at *1 (Tex. App.—Fort Worth July 3, 2014, no pet.) (mem. op., not designated for publication) (identifying numerous cases holding so); *see also In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003). We overrule M.E.'s second issue.

M.E. argues in his third issue that the trial court erred by allowing each side only six peremptory strikes instead of twelve, and he argues in his fourth issue that the trial court abused its discretion by closing the disposition hearing without good cause. M.E. did not object to the number of peremptory strikes that he was afforded at voir dire, nor did he object when the trial court, on at least two

6

occasions, indicated that the proceeding was closed. Therefore, M.E. failed to preserve both of these issues for appellate review. *See* Tex. R. App. P. 33.1(a). We overrule M.E.'s third and fourth issues.

Having overruled all of M.E.'s issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, WALKER, and GABRIEL, JJ.

DELIVERED: December 23, 2014