In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00246-CR
_____

SHAUN MICHAEL VIRVA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A090545-R

MEMORANDUM OPINION

Appellant Shaun Michael Virva pleaded guilty to aggravated sexual assault of a child by penetration. In 2010, the trial court deferred adjudication of guilt, placed Virva on community supervision for eight years, and assessed a $1,000 fine. In 2015, the State filed a Motion to Impose Guilt alleging Virva violated the terms of his community supervision. The trial court extended his community supervision for a period of two years, ordered that Virva serve 180 days in county jail, and at the

1

request of the State, dismissed the State's Motion to Impose Guilt. In 2018, the State filed its First Amended Motion to Impose Guilt alleging Virva committed multiple violations of the terms of his community supervision. Virva pleaded true to failing to register as a sex offender; missing numerous appointments with his probation officer; failing to remain current in payment of probation and court-appointed attorney fees, fines, and costs; being behind schedule in community service hours; and failing to pay sex offender assault program fees and sex offender group fees. The trial court revoked Virva's community supervision, found him guilty of aggravated sexual assault of a child, and sentenced Virva to twelve years of confinement. In one appellate issue, Virva asserts "[t]he punishment exceeds the Legislature's intent based o[n] the drafting of the Statute and the facts of the case." We affirm.

On appeal, Virva does not challenge the sufficiency of the evidence supporting revocation, and he acknowledges that he violated his probation in multiple ways and he pleaded true to those violations. Instead, Virva argues that "[t]he evidence is insufficient to support the length [of] punishment assessed at the revocation hearing." The offense of aggravated sexual assault of a child is a first-degree felony, and Virva acknowledges that the punishment range for the offense in this case is confinement for not less than five years or more than ninety-nine years

or life. *See* Tex. Penal Code Ann. §§ 12.32, 22.021 (West 2019).[1] Virva argues that at the time of the offense he was seventeen years old and the victim was thirteen years old. According to Virva, the length of his sentence is not "compatible with the Legislature's intent[,]" that the "high end of the range is to be reserved for the most heinous fact scenarios[,] [and] [t]he low range is reserved for the least serious fact situations, as in cases such as this."

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[2] U.S. Const. amend. VIII. "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006) (footnote omitted); *see also Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.). The twelve-year sentence imposed was within the statutory

---

[1] We cite to the current statutes as amendments after Virva's offense do not affect our disposition.

[2] Texas courts have consistently concluded that there is no significant difference between the United States and Texas constitutional provisions prohibiting cruel and unusual punishment. *See, e.g.*, *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (comparing Texas Constitution article I, section 13 with United States Constitution amendment VIII).

range. *See* Tex. Penal Code Ann. §§ 12.32, 22.021. The sentence is not subject to a sufficiency of the evidence review on appeal. *See Jarvis*, 315 S.W.3d at 161-62.

A complaint that a sentence is grossly disproportionate must be preserved for appellate review by a timely request, objection, or motion stating the specific grounds for the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)). Virva did not make this complaint below. The issue is not preserved for appellate review. *See id.* We overrule Virva's sole appellate issue.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 25, 2019
Opinion Delivered October 9, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.