**AFFIRMED and Opinion Filed October 25, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01093-CR**

**No. 05-20-01094-CR**

**No. 05-20-01095-CR**

**DAYTON BLANE GREEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause Nos. 33107CR, 33108CR, 33109CR**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

Appellant pleaded guilty to two counts of aggravated assault on a public servant and one count of evading arrest or detention with a motor vehicle. After a punishment hearing, the court assessed punishment at life in prison in the aggravated assault cases and ten years in prison in the evading arrest case, with the sentences to run concurrently. Judgments were entered accordingly.

In two issues, appellant argues that the trial court's sentence determination was erroneous because the court considered evidence that was not presented in court. Finding no reversible error, we affirm the trial court's judgments.

## I. BACKGROUND

During the punishment hearing, State trooper Joseph Stewart testified that on the night in question, he received a call from Josh Richardson, a deputy from the sheriff's department, advising that law enforcement was looking for appellant because he was suspected of taking a safe from his mother. The patrol cars were in the same vicinity when Officer Richardson reported that a vehicle ran a stop sign. As Officer Stewart looked up, he saw the same vehicle run the next stop sign. Appellant was driving the vehicle.

Officer Stewart activated the lights on his marked patrol car and attempted to stop appellant for a traffic violation. Appellant did not pull over and a high-speed chase ensued. Appellant hit a sign and a gas main during the chase, and Madeline Osborn, another driver on the road, testified that she had to take evasive action and narrowly avoided a collision with appellant.

While in pursuit, Officer Stewart saw sparks fly off his patrol car. He later discovered damage to the windshield of the car and the front bumper of his vehicle that he believed resulted from gunshots appellant fired. A videotape of the incident was admitted into evidence without objection.

Officer Richardson also testified about the incident and his in-car video was admitted into evidence without objection. The recording was played for the court, and the officer identified seven times he believed a shot was being fired, as evidenced by sparks, a "clink" noise, a "thud" and a flash from appellant's car.

The video also shows appellant's vehicle hit a spike strip that was set to slow the pursuit. After appellant's vehicle was stopped, appellant threw his door open and there was a flash. Appellant then threw something out of his hand. A .25 caliber handgun and shell casings were recovered from the parking lot where appellant was apprehended. Officer Richardson subsequently discovered a chip in his windshield and three round impact marks on his vehicle that he believed resulted from the shots appellant fired.

## II. ANALYSIS

Appellant raises two issues, arguing that the court erred by assessing life sentences based on evidence that was not before the court. We consider these issues in tandem.

Appellant maintains that the court abused its sentencing discretion by relying on an unproven deduction from the evidence—namely, that he positioned his vehicle to get a better shot at law enforcement. Specifically, during sentencing, the trial judge commented: "You moved over to the shoulder . . .Why? Because you couldn't see to shoot his window without moving over . . . You moved over so you could see

him better and shoot at him." According to appellant, this was an impermissible inference because no one testified that appellant moved over to the side of the road.

We note at the outset that appellant did not object to his sentence at the punishment hearing or in a motion for new trial. *See* TEX. R. APP. P. 33.1; *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). But even if the complaint had been preserved for our review, the discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence. As the Court of Criminal Appeals has explained,

> [T]he task of setting a particular length of confinement within the prescribed range of punishment is essentially a "normative" judgment. Aside from a few specific instances where the range of punishment depends upon the determination of discrete facts, "[d]eciding what punishment to assess is a normative process, not intrinsically factbound." Indeed, we have described the sentencer's discretion to impose any punishment within the prescribed range to be essentially "unfettered." Subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.

*Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (internal citations omitted); *see also United State v. Booker*, 543 U.S. 200, 233 (2005) (stating court has never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range). Consequently, a sentence will generally not be disturbed when it is within the statutorily prescribed range. *See Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).

The range of punishment for the first-degree offense of aggravated assault of a public servant is life imprisonment or a term of not more than 99 years or less than five, and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §22.02(a),(b)(2)(A); 12.32. Appellant's sentences are within this range.

Appellant provides no authority, nor are we aware of any, holding that a trial judge's commentary is the equivalent of a ruling or is somehow to be afforded the same effect. Likewise, appellant provides no legal support for the proposition that the judge's review of the punishment evidence precludes reasonable inferences and deductions based on the judge's perception of that evidence. Appellant pleaded guilty to the aggravated assaults, and there was no question that he committed these offenses by shooting at the vehicles pursuing him. Videotapes showing the pursuit, appellant's vehicle, the shots, the damage to the patrol cars, the discovery of the gun and shell casings, and appellant's eventual apprehension were admitted into evidence and played for the court. The trial judge considered that evidence to assess an appropriate sentence in the statutory range.

Appellant also urges us to construe his challenge to the trial court's punishment assessment as one of legal sufficiency. But other than opining that the same guilt/innocence sufficiency review should apply to this sentencing determination, appellant provides no argument or legal authority to support the proposition he seeks to advance. As a result, the issue is inadequately briefed. *See* TEX. R. APP. P. 38.1.; *Bohannan v. State*, 546 S.W.3D 166, 179 (Tex. Crim. App.

–5–

2017) (concluding issue inadequately briefed when argument was conclusory and lacked citation to appropriate authorities).

Moreover, even if we were to entertain this argument, we find no basis for such review on this record; it is simply not possible. *See Montelongo v. State*, No. 08-18-00093-CR, 2020 WL 4034961, at *5 (Tex. App.—El Paso 2020, pet. ref'd); *see also Parker v. State*, 462 S.W.3d 559, 566 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (declining sufficiency review of sentence); *Shaw v. State*, No.03-19-00435-CR, 2020 WL 4726696, at *2 (Tex. App.—Austin Aug. 13, 2020, no pet.) (mem. op.) (same); *Jarvis v. State*, 315 S.W.3d 158, 162 (Tex. App.—Beaumont 2010, no pet.) (same); *Garcia v. State*, 316 S.W.3d 734, 735 (Tex. Crim. App. 1958) ("If the punishment is within that prescribed by the statute, it is beyond the province of this court to pass on the question of whether the evidence is sufficient to support a punishment greater than the minimum.").

Underpinning legal-sufficiency review is the principle that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). While an appellate court always has the responsibility to confirm, when properly challenged, that the evidence at issue comports with the beyond-a-reasonable-doubt standard during the guilt/innocence stage of a criminal proceeding, the same need not be said during the punishment phase. Except for enhancement

allegations, which, like criminal elements, impose on the State a beyond-a-reasonable-doubt standard of evidentiary proof, *see e.g. Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016) (applying legal sufficiency review to evidence supporting "true" finding of enhancement paragraph), when it comes to assessing the appropriate punishment applicable to a particular defendant, "neither party carries the burden of proving what punishment should be assessed within the statutorily prescribed range applicable to a given offense." *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008).

We are not aware of a case in which the Court of Criminal Appeals has ever applied a legal-sufficiency review to a punishment proceeding that did not involve some form of statutory enhancement allegation that potentially increased the applicable punishment. Rather, in the context of punishment assessment alone, the Court has observed that when "considering all of the evidence admitted during the guilt and punishment phases, the factfinder engages in a normative process that is uninhibited by any required, specific fact determination to decide what particular punishment to assess within the range prescribed by law." *Jordan*, 256 S.W.3d at 292. As we have noted, in such a context, the factfinder's discretion to impose any punishment within the prescribed range is essentially "unfettered." *Chavez*, 213 S.W.3d at 323. This case is not one in which no evidence supported the punishment decision, thereby implicating appellant's due process and due course of law protections. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

Accordingly, we decline appellant's invitation to conduct a legal sufficiency review of his sentences.

The record reflects that the sentences imposed were based on the court's normative, informed judgment, and they were within the statutory range. Appellant's issues are resolved against him, and the trial court's judgments are affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
201093F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DAYTON BLANE GREEN,
Appellant

No. 05-20-01093-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 33107CR.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 25, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAYTON BLANE GREEN,
Appellant

No. 05-20-01094-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 33108CR.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered October 25, 2021



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAYTON BLANE GREEN,
Appellant

No. 05-20-01095-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 33109CR.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered October 25, 2021